IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JEFF FARMER | * | |
| Plaintiff | * | |
| v | * | Civil Action No. PWG-14-3080 |
| MHM MARYLAND, INC., DR. VINCENT SIRACUSANO,[1] and DR. HOWARD PENN | * | |
| Defendants | * | |

***

## MEMORANDUM OPINION

Defendants MHM Maryland and Siracusano have filed a Motion to Dismiss.[2] ECF No. 8. Plaintiff opposes the motion (ECF No. 15) and moves for appointment of counsel as well as a scheduling order (ECF No. 16). The Court finds a hearing in this matter unnecessary. *See* Loc. R. 105.6 (D. Md. 2014).

### I. BACKGROUND

Plaintiff Jeff Farmer is incarcerated at the Eastern Correctional Institution ("ECI") in Westover, Maryland. He claims that when he "arrived ... at ECI on May 20, 2013, [he] was taken off [the] psych meds that [he] was taking in the county jail" where he was held prior to his transfer. Am. Compl. 3, ECF No. 4. Farmer informed staff at ECI he has "psychological issues" and that only one medication, Seroquel, which he had been taking for five years or more before his transfer, "offer[ed] [him] relief from [his] severe mental problems." *Id.* According to Plaintiff, Dr. Howard Penn "refused to allow [Farmer] to see a psychiatrist," even though Farmer "explained [he] was having a terrible time with [his] illnesses and was feeling homicidal and

---

[1] The Clerk is directed to correct the spelling of Defendant Siracusano's name, noted on the docket as "Dr. Vincent Cerragussano."

[2] Defendant Dr. Howard Penn has not been served with the Complaint.

suicidal and lo[]sing the little bit of mind [he had] left, [was] not sleeping, and [was] extremely paranoid." *Id.* Farmer states that he "put[] in several sick calls" before he was seen by a psychiatrist nearly five months after his arrival. *Id.* at 3. Farmer alleges he has tried all of "the formulary medication that D.O.C. only wants to use," and none are effective. *Id.* at 4. His requests for Seroquel have been denied. *Id.* He claims that Dr. Siracusano "told [him] there's no way [he'll] receive Seroquel" at ECI and "told [Farmer] he didn't care" if it was a violation of Farmer's rights to withhold Seroquel. *Id.* Farmer claims that he went three months without seeing a doctor and then saw Dr. Siracusano who again "told [Farmer] he didn't care about that and that [he] was not getting the meds." *Id.* Plaintiff alleges that "[e]ventually Dr. Reeves prescribed ... the proper medication [he] need[s]," but Dr. Reeves's supervisor denied Dr. Reeves's request for the prescription. *Id.*

In administrative remedy requests attached to his complaint, Farmer stated that he was "off any psych meds for 5 weeks," that his requests to see Dr. Reeves were denied, that he "need[s] to be seen on a regular basis until [his] medication works," that a psychiatrist working at Patuxent Institution prescribed Seroquel for him when he was there, and that "[t]he only reason [he] can think [he's] being denied the medication [he has] been on since 2007 and need[s] is for monetary reasons." Req. for Admin. Remedy 7–9, Compl. Ex. 1, ECF No. 1-1. In response to one administrative complaint, Farmer was told he was receiving treatment, but that he was non-compliant and he needed to follow the directives of his treating physicians. *Id.* at 8. Farmer further claims that he spoke with Dr. Siracusano about his medications on May 1, 2014, but he was still denied effective medication for his mental illness. *Id.* at 11. He states no attempt has been made "to treat any of [his] multiple illnesses" aside from his "schizophrenic/bipolar issues." *Id.*

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court may dismiss a claim or complaint if it fails to state a claim upon which relief can be granted. *Tucker v. Specialized Loan Servicing, LLC*, ---- F. Supp. 3d ----, 2015 WL 452285, at *8 (D. Md. Feb. 3, 2015). In resolving a Rule 12(b)(6) motion, the Court bears in mind the requirements of Rule 8, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Specifically, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678–79. *See Velencia v. Drezhlo*, No. RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012) (discussing standard from *Iqbal* and *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Plaintiff is proceeding *pro se*, and his Complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, liberal construction does not absolve Plaintiff from pleading a plausible claim. *See Holsey v. Collins*, 90 F.R.D. 122, 128 (D. Md. 1981) (citing *Inmates v. Owens*, 561 F.2d 560, 562–63 (4th Cir. 1977)).

> It is neither unfair nor unreasonable to require a pleader to put his complaint in an intelligible, coherent, and manageable form, and his failure to do so may warrant dismissal. District courts are not required to be mind readers, or to conjure questions not squarely presented to them.

*Harris v. Angliker*, 955 F.2d 41, 1992 WL 21375, at * 1 (4th Cir. 1992) (per curiam) (internal citations omitted).

## III. DISCUSSION

### A. Eighth Amendment Claim

The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). "Scrutiny under the Eighth Amendment is not limited to those punishments authorized by statute and imposed by a criminal judgment." *De'Lonta v. Angelone*, 330 F. 3d 630, 633 (4th Cir. 2003) (citing *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). To state an Eighth Amendment claim for denial of medical care, a plaintiff must demonstrate that the actions of the defendants or their failure to act amounted to deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner plaintiff was suffering from a serious medical need and that, subjectively, the prison staff were aware of the need for medical attention but failed to either provide it or ensure the needed care was available. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Objectively, the medical condition at issue must be serious. *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (there is no expectation that prisoners will be provided with unqualified access to health care). Proof of an objectively serious medical condition, however, does not end the inquiry.

The subjective component requires "subjective recklessness" in the face of the serious medical condition. *See Farmer*, 511 U.S. at 839–40. "True subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that risk." *Rich v. Bruce*, 129 F. 3d 336, 340 n.2 (4th Cir. 1997). "Actual knowledge or awareness on the part of the alleged inflicter . . . becomes essential to proof of deliberate indifference 'because prison officials who lacked knowledge of a risk cannot be said to have inflicted

4

punishment.'" *Brice v. Va. Beach Corr. Ctr.*, 58 F. 3d 101, 105 (4th Cir. 1995) (quoting *Farmer*, 511 U.S. at 844). If the requisite subjective knowledge is established, an official may avoid liability "if [he] responded reasonably to the risk, even if the harm was not ultimately averted." *Farmer*, 511 U.S. at 844. Reasonableness of the actions taken must be judged in light of the risk the defendant actually knew at the time. *See Brown v. Harris*, 240 F. 3d 383, 390 (4th Cir. 2000) (citing *Liebe v. Norton*, 157 F. 3d 574, 577 (8th Cir. 1998) (focus must be on precautions actually taken in light of suicide risk, not those that could have been taken)).

There is no underlying distinction between the right to medical care for physical ills and its psychological and psychiatric counterpart. *Bowring v. Goodwin*, 551 F.2d 44, 47 (4th Cir. 1977). A prisoner is entitled to such treatment if a

> [p]hysician or other health care provider, exercising ordinary skill and care at the time of the observation, concludes with reasonable certainty (1) that the prisoner's symptoms evidence a serious disease or injury; (2) that such disease or injury is curable or may be substantially alleviated; and (3) that the potential for harm to the prisoner by reason of delay or the denial of care would be substantial.

*Id.* The *Bowring* Court further concluded that the aforementioned right to such treatment is based upon the essential test of medical necessity and not upon that care considered merely desirable. *Id.* at 48.

**B. Analysis**

Defendants assert that Dr. Siracusano's alleged actions do not constitute an Eighth Amendment violation and that both Siracusano and MHM Maryland, Inc. are entitled to qualified immunity because the behavior alleged does not violate clearly established statutory or constitutional rights. Def.'s Mot. According to Dr. Siracusano, the treatment rendered to Farmer was done in conjunction with the medical treatment rendered by previous physicians. Farmer's request for Seroquel was fielded and rejected by each of the doctors he saw prior to Siracusano's involvement. Defendants insist that this medical decision to prescribe alternative medication,

rather than Seroquel, which is potentially addictive and easily abused, is not treatment that shocks the conscience or offends the evolving standards of decency. *See id.*

In his Opposition, Farmer contends that the medication he is provided does not address the auditory hallucinations he experiences; nor is he receiving medication for his anxiety disorder. Pl.'s Opp'n. He also argues that none of the treatment provided addresses his depression, suicidal thoughts or urges to act out in an anti-social manner. *Id.* As he sees it, the only reason he is not being provided Seroquel is that it is an expensive drug, and the denial of a needed prescription on the basis of cost is evidence of deliberate indifference. *Id.* Farmer also disputes that Seroquel is potentially addictive or easily abused and claims this assertion has been made as a smoke screen for the real reason the medication is denied: cost. *Id.*

Seroquel is "an antipsychotic medicine . . . used to treat schizophrenia . . . and bipolar disorder"; it is sometimes "used together with antidepressant medications to treat major depressive disorder in adults." Seroquel, http://www.drugs.com/seroquel.html. Even if Farmer indeed was prescribed Seroquel by his treating psychiatrists before he was incarcerated at ECI, the failure by Defendants to continue his prescriptions does not state a constitutional claim. Farmer's right to treatment is "limited to that which may be provided upon a reasonable cost and time basis and the essential test is one of medical *necessity* and not simply that which may be considered merely *desirable.*" *Bowring,* 551 F.2d at 47–48. His disagreement with the decision to prescribe other medication, rather than those he feels are better, does not state a claim under 42 U.S.C. § 1983 absent exceptional circumstances. *See Wright v. Collins,* 766 F.2d 841, 849 (4th Cir. 1985) (citing *Gittlemacker v. Prasse,* 428 F.2d 1, 6 (3d Cir. 1970)).

Farmer has not alleged exceptional circumstances in the pleadings filed in this case. Absent from the claims asserted is any description of instances of an exacerbation of his

symptoms. While this Court takes as true that he has a well-documented history of mental illness and psychiatric hospitalizations, his insistence that the medication he is provided now is ineffective lacks any objective support. Indeed, his own evidence indicates he has been non-compliant with the treatment offered. Even if the medication that has been provided proves ineffective, Farmer is still not entitled to dictate the choice of medications provided for his treatment.

Farmer's claim that MHM Maryland is liable because it has instituted a policy prohibiting the prescription of Seroquel also fails to state a constitutional claim. As long as treatment for serious psychiatric illnesses is provided, the manner in which the physicians and health care providers choose to deliver those services is not a decision for this Court to second-guess or override. Moreover there is no evidence that Farmer's need for treatment has been addressed with a callous disregard for his well-being either as a result of an alleged policy or a refusal to continue the same care he received before his incarceration.

Defendants Siracusano and MHM Maryland are entitled to dismissal of the claims against them. The remaining Defendant, Dr. Howard Penn, is also entitled to dismissal of the claims against him without requiring service of the complaint. Farmer's claim against Penn is that he contributed to a delay in Farmer seeing a psychiatrist. There is no allegation that this delay caused Farmer an injury such as deterioration of his mental state. "[A]ny negligence or malpractice on the part of . . . doctors in missing [a] diagnosis does not, by itself, support an inference of deliberate indifference." *Johnson v. Quinones* 145 F. 3d 164, 166 (4th Cir. 1998). Without evidence that a doctor linked presence of symptoms with a diagnosis of a serious medical condition, the subjective knowledge required for Eighth Amendment liability is not present. *Id.* at 169 (stating that actions inconsistent with an effort to hide a serious medical

condition refute the presence of doctor's subjective knowledge). Accordingly, the Amended Complaint also shall be dismissed as to Defendant Penn.

A separate Order follows.

__07/02/15__  
Date

__/s/__  
Paul W. Grimm  
United States District Judge